UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| RACHEL MOLL, | § | |
| | § | |
| MARLIN PALMA, | § | |
| | § | |
| and | § | |
| | § | |
| HECTOR DIONISIO, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | **COMPLAINT**  3-16-CV-457-CRS |
| | § | **Jury Demanded** |
| ENRIQUE ROMAN, | § | |
| | § | |
| VICTOR FERNANDEZ, | § | |
| | § | |
| EL NOPAL R & F, INC., | § | |
| | § | |
| ROMAN CRESTWOOD, INC. | § | |
| | § | |
| EL NOPAL MEXICAN FAMILY | § | |
| RESTAURANT, INC. | § | |
| | § | |
| ROMAN SALGADO, LLC., | § | |
| | § | |
| SALGADOS, INC. | § | |
| | § | |
| MARINO, LLC | § | |
| | § | |
| and | § | |
| | § | |
| ROMAN F HURSTBOURNE, INC., | § | |
| | § | |
| | § | |
| Defendants. | § | |

<u>COMPLAINT</u>

**NATURE OF SUIT**

1

1.     Plaintiffs seek to recover minimum and overtime wages that Defendants owe to them and have failed to pay, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 206(a) and 207(a).   In addition, Plaintiff Rachel Moll ("Plaintiff Moll" or "Moll") and Plaintiff Marlin Palma ("Plaintiff Palma" or "Palma") allege that the Defendant employers have violated 29 U.S.C. § 203(m) of the FLSA, which only allows employers to pay less than minimum wage to employees who receive tips under very specific conditions. Defendants are not entitled to apply a tip credit toward the Plaintiff Moll's or Plaintiff Palma's minimum wages, as Defendants failed to inform Moll and Palma that they would take a tip credit, and have failed to ensure that Plaintiffs Moll and Palma retained all the tips they received, except for any tips included in a tipping pool among employees who customarily and regularly receive tips.

2.     In addition, Plaintiffs seek to recover minimum wages Defendants owe to them and have failed to pay, in violation of Kentucky Wage and Hour laws, specifically  KRS 337.275, and Plaintiffs further request that the court impose civil penalties upon Defendants for failing to pay them all wages owed upon termination of Plaintiffs' employment,  illegally requiring their employees to remit portions of their tips to management, failing to maintain accurate employment records, and failing to timely pay Plaintiffs as required by KRS 337.055, KRS 337.065, KRS 337.320, KRS 337.020 and KRS 337.990(1),(5), and (7) respectively.

## II. PARTIES

3.     Plaintiff Rachel Moll is an individual residing at 9417 Doral Court, Apt. 8, Louisville, KY 40220.

4.    Plaintiff Marlin Palma is an individual residing at 9417 Doral Court, Apt. 8, Louisville,, KY 40220.

5.    Plaintiff Hector Dionisio ("Plaintiff Dionisio" or "Dionisio") is an individual residing at 3706 Klondike Lane, Louisville, KY 40218.

6.    Defendant Enrique Roman is an individual residing, upon information and belief, at 5521 Rock Valley Way, Louisville, KY 40241 and, upon information and belief, is the owner and principal of the El Nopal Mexican Cuisine restaurants located at: 3945 Taylorsville Road, Louisville, KY 40220, 6825 Central Avenue, Crestwood, KY 40014, 6300 Bardstown Road, Louisville, KY 40291, 10500 Watterson Trail, Louisville, KY 40299; 5444 New Cut Road, Louisville, KY 40214; 12613 Taylorsville Road, Louisville, KY 40299; and 5000 Shelbyville Road, #1075, Louisville, KY 40207. Process may be served upon him at 7600 Shepherdsville Road, Louisville, KY 40219.

7.    Defendant Victor Fernandez is an individual residing in Louisville, Kentucky 40219 and is the manager and the chief operator of the El Nopal restaurant located at 3945 Taylorsville Road, Louisville, KY 40220.

8.    Defendant El Nopal R & F, Inc. ("El Nopal R & F") is a company organized and incorporated in the Commonwealth of Kentucky with its principal office located at 7600 Shepherdsville Road, Louisville, Kentucky 40219.   Process may be served on its registered agent, Maria A. Fernandez  at 401 W. Main Street, suite 1807, Louisville, KY 40202.

9.    Roman Crestwood, Inc. ("El Nopal -- Crestwood") is a company organized and incorporated in the Commonwealth of Kentucky with its principal office located at 7600

3

Shepherdsville Road, Louisville, KY 40219.   Process may be served on its registered agent, Enrique Roman at the same address.

10.      Roman Bardstown Road, Inc. ("El Nopal -- Bardstown") is a company organized and incorporated in the Commonwealth of Kentucky with its principal office located at 7600 Shepherdsville Road, Louisville, KY 40219.   Process may be served on its registered agent Robert L. Reed at 7600 Shepherdsville Road c/o Budget Business Service, Louisville, KY 401219.

11.      El Nopal Mexican Family Restaurant, Inc. ("El Nopal – New Cut") is a company organized and incorporated in the Commonwealth of Kentucky with its principal office located at 5444 New Cut Road, Louisville, Kentucky 40214.   Process may be served on its registered agent, Enrique Roman at 5444 New Cut Road, Louisville, KY 40214.

12.      Roman Salgado, LLC, ("Roman Salgado") is a company organized and incorporated in the Commonwealth of Kentucky with its principal office located at 7600 Shepherdsville Road, Louisville, Kentucky 40219.   Process may be served on its registered agent, Enrique Roman at 7600 Shepherdsville Road, Louisville, Kentucky 40219.

13.      Salgados, Inc. ("Salgados") with its principal office located at 7600 Shepherdsville Road, Louisville, KY 40219.   Process may be served on its registered agent, Enrique Roman at 7600 Shepherdsville Road, Louisville, KY 40219.

14.      Marino, LLC ("Marino") is a company organized and incorporated in the Commonwealth of Kentucky with its principal office located at 7600 Shepherdsville Road, Louisville, KY 40219.   Process may be served on its registered agent Enrique Roman at 7600 Shepherdsville Road, Louisville, KY 40219.

15.    Roman F Hurstbourne, Inc.. ("El Nopal -- Hurstbourne") is a Company organized and incorporated in the Commonwealth of Kentucky with its principal office located at 7600 Shepherdsville Road, Louisville, KY 40219. Process may be served on its registered agent Enrique Roman at 7600 Shepherdsville Road, Louisville, KY 40219.

16.    Defendants Enrique Roman, Victor Fernandez, El Nopal R & F, El Nopal -- Crestwood, El Nopal -- Bardstown, El Nopal Mexican Family Restaurant, Inc., Roman Salgado, LLC., El Nopal – New Cut., Salgados, Marino and El Nopal – Hurstbourne will at all times hereafter be referred to collectively as "Defendants."  Defendants  El Nopal R & F, El Nopal -- Crestwood, El Nopal -- Bardstown, El Nopal Mexican Family Restaurant, Inc., Roman Salgado, LLC., El Nopal – New Cut., Salgados, Roman Salgado., Marino and El Nopal – Hurstbourne will at all times hereafter be referred to collectively as "Corporate Defendants."

### III. JURISDICTION AND VENUE

17.    This Court has jurisdiction over the case because Plaintiffs have asserted claims arising under federal law; the Fair Labor Standards Act (FLSA).  29 U.S.C. § 201 *et seq*. Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  Pursuant to 28 U.S.C. § 1367(a), this  Court has supplemental jurisdiction over the Kentucky state law claims asserted by Plaintiffs, as these claims are so related to the federal claims that they form part of the same case or controversy.

18.    Pursuant to 28 U.S.C.  § 1391, venue is proper in the Western District of Kentucky because the events forming the basis of the suit occurred in this District and Defendants reside in this District.

## IV. FACTUAL ALLEGATIONS

19.     During all times material to this complaint, Corporate Defendants and Defendant Enrique Roman have acted jointly, directly or indirectly, in the interest of an employer with respect to Plaintiffs.

20.     During all times material to this complaint, Defendant Enrique Roman has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and within the meaning of KRS 337.010(1)(d).

21.     During all times material to this complaint, Defendant Victor Fernandez has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and within the meaning of KRS 337.010(1)(d).

22.     During all times material to this complaint, Defendant El Nopal R & F has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and within the meaning of KRS 337.010(1)(d).

23.     During all times material to this complaint, Defendant El Nopal -- Crestwood has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and within the meaning of KRS 337.010(1)(d).

24.     During all times material to this complaint, Defendant El Nopal -- Bardstown has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and within the meaning of KRS 337.010(1)(d).

25.     During all times material to this complaint, Defendant El Nopal – New Cut has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and within the meaning of KRS 337.010(1)(d).

26. During all times material to this complaint, Defendant Salgados has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and within the meaning of KRS 337.010(1)(d).

27. During all times material to this complaint, Defendant Roman Salgado. has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and within the meaning of KRS 337.010(1)(d).

28. During all times material to this complaint, Defendant Marino has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and within the meaning of KRS 337.010(1)(d).

29. During all times material to this complaint, Defendant El Nopal – Hurstbourne has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C.§ 203(d) and within the meaning of KRS 337.010(1)(d).

30. During all times material to this complaint, Defendant Enrique Roman has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

31. During all times material to this complaint, Defendant Victor Fernandez has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has

7

had employees engaged in commerce or in the production of goods for commerce, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

32.  During all times material to this complaint, Defendant El Nopal R & F has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

33.  During all times material to this complaint, Defendant El Nopal – Crestwood has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

34.  During all times material to this complaint, Defendant El Nopal -- Bardstown. has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

35.  During all times material to this complaint, Defendant El Nopal – New Cut. has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

36.  During all times material to this complaint, Defendant Salgados has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

37.  During all times material to this complaint, Defendant Roman Salgado has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

38.  During all times material to this complaint, Defendant Marino has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, and in that

said enterprise has had and has an annual gross volume of sales made of business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

39. During all times material to this complaint, Defendant El Nopal -- Hurstbourne has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, and in that said enterprise has had and has an annual gross volume of sales made of business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

40. During all times material to this complaint, Plaintiffs have been individual employees pursuant to KRS 337.010(1)(c) and were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

41. El Nopal Mexican Cuisine advertises as operating in 28 different locations, with 19 different branches in the Commonwealth of Kentucky and 9 separate locations in the State of Indiana. (*See* **Exhibit A**).

42. The various El Nopal Mexican Cuisine restaurant locations, although operating under the name of various corporate entities, have operated as one business, in that they have freely utilized and employed the employees of the different El Nopal corporate entities, as needed, and that they are owned or directed by the same principal, Enrique Roman.

43. Upon information and belief, Defendant Enrique Roman is the principal owner and operator of the El Nopal Mexican Cuisine chain of restaurants.  (*See* **Exhibit B** – newspaper articles).

44.    Defendant Enrique Roman is the Incorporator and President and/or sole officer of all of the Corporate Defendants, other than Marino.

45.    Plaintiff Moll worked as a server at the El Nopal Mexican restaurants owned by the Defendants and located at 3945 Taylorsville Road, Louisville, KY 40220, 12613 Taylorsville Road, Louisville, KY 40299, 5000 Shelbyville Road, #1075, Louisville, KY 40207, 6825 Central Avenue, Crestwood, KY 40014 and 10500 Watterson Trail, Louisville, KY 40213 from approximately June 2013 to November 2015.  Prior to beginning employment at each of the different locations, Plaintiff was either directly or indirectly hired by or referred to her new place of employment by the manager of the El Nopal restaurant at which she previously worked.

46.    Plaintiff Palma worked at the El Nopal Mexican restaurants located at 5444 New Cut Road, Louisville, KY 4017, 3945 Taylorsville Road, Louisville, KY 40220 and 6300 Bardstown Road, Louisville, KY 40291 at various times between approximately August 2010 and approximately June 2016.

47.    Plaintiff Dionisio worked at the El Nopal Mexican restaurant located at 3945 Taylorsville Road, Louisville, KY 40220 from approximately September 2014 to approximately September 2015.

48.    Upon information and belief, during all times of Plaintiffs' employment, Corporate Defendants, and Defendant Enrique Roman acted jointly as "employers" of Plaintiffs as that term is defined in the FLSA.

49.    During all times relevant to this complaint, Defendant Victor Fernandez has managed and operated the El Nopal Mexican Restaurant located at 3945 Taylorsville Road, Louisville, KY 40220.

50.    Defendant Victor Fernandez, Defendant Enrique Roman and Defendant El Nopal R & F, Inc. jointly employed Plaintiffs Moll, Palma and Dionisio as a matter of economic reality, at the El Nopal Mexican restaurant located at 3945 Taylorsville Road, Louisville, KY 40220.

51.    Defendant Enrique Roman and Marino, Inc. jointly employed Plaintiff Moll as a matter of economic reality at the El Nopal Mexican restaurant located at 5000 Shelbyville Road, #1075, Louisville, KY 40207.

52.    Defendant Enrique Roman and Defendant El Nopal – Crestwood jointly employed Plaintiff Moll as a matter of economic reality at the El Nopal Mexican restaurant located at 6825 Central Avenue, Crestwood, KY 40014.

53.    Defendant Enrique Roman, Defendant Salgados, and Defendant Roman Salgado jointly employed Plaintiff Moll as a matter of economic reality at the El Nopal Mexican restaurant located at 10500 Watterson Trail, Louisville, KY 40219.

54.    Defendant Enrique Roman and Defendant El Nopal – Hurstbourne jointly employed Plaintiff Moll as a matter of economic reality at the El Nopal Mexican restaurant located at 12613 Taylorsville Road, Louisville, KY 40299.

55.    Defendant Enrique Roman and Defendant El Nopal – New Cut jointly employed Plaintiff Palma as a matter of economic reality at the El Nopal Mexican restaurant located at 5444 New Cut Road, Louisville, KY 40291.

56.    Defendant Enrique Roman and Defendant El Nopal R & F jointly employed Plaintiff Palma as a matter of economic reality at the El Nopal Mexican restaurant located at 3945 Taylorsville Road, Louisville, KY 40220.

57.     Defendant Enrique Roman and Defendant El Nopal – Bardstown jointly employed Plaintiff Palma as a matter of economic reality at the El Nopal Mexican restaurant located at 6300 Bardstown Road, Louisville, KY 40291.

58.     Defendant Enrique Roman and Defendant El Nopal R & F jointly employed Plaintiff Dionisio at the El Nopal Mexican restaurant located at 3945 Taylorsville Road, Louisville, KY 40291.

59.     During all times material to this complaint, Defendant Enrique Roman has had significant operational control of all or at least significant aspects of the day-to-day operations of each of the El Nopal Mexican restaurant locations mentioned in this Complaint.

60.     During all times material to this complaint, Defendant Enrique Roman has made decisions in regards to significant aspects of the day-to-day functions each of the El Nopal Mexican restaurant locations at which Plaintiffs were employed.

61.     During all times material to this complaint, Defendant Enrique Roman, has had the authority to hire and fire employees, including Plaintiffs.

62.     During all times material to this complaint, Defendant Enrique Roman controlled Plaintiffs' work schedules and employment conditions.

63.     During all times relevant to this Complaint, Defendant Enrique Roman, has had the ability to set and determine the method and rate of Plaintiffs' compensation.

64.     During the times Plaintiffs were employed at the El Nopal Mexican restaurant located at 3945 Taylorsville Road, Louisville, KY 40220 ('Taylorsville restaurant"), Defendant Victor Fernandez made decisions in regards to significant aspects of the day-to-day functions each of the Taylorsville restaurant.

65.     During the times Plaintiffs were employed at the Taylorsville restaurant, the Defendant Victor Fernandez had the authority to hire and fire employees, including Plaintiffs.

66.     During the time Plaintiffs were employed at the Taylorsville restaurant, Defendant Victor Fernandez controlled Plaintiffs' employment conditions.

67.     During the time Plaintiffs were employed at the Taylorsville restaurant, Defendant Victor Fernandez had the ability to set and determine the method and rate of Plaintiffs' compensation.

68.     During the time Plaintiffs were employed at the Taylorsville restaurant, Defendant Victor Fernandez supervised and directed Plaintiffs in their work.

69.     During the time Plaintiffs were employed at the Taylorsville restaurant, Defendant Victor Fernandez had the ability to set or change Plaintiffs' work schedules.

70.     Defendant Enrique Roman and Corporate Defendants employed and subjected each Plaintiff to a virtually uniform and consistent working schedule, irrespective of the particular El Nopal restaurant at which Plaintiff was working.

71.     Defendants Enrique Roman, Victor Fernandez, El Nopal – Hurstbourne, Salgados, Roman Salgado, Marino and El Nopal R & F, jointly employed Plaintiff Moll as a server from approximately June 2013 to November 2015. Plaintiff Moll worked approximately 35-40 hours a week at the El Nopal restaurant located at 12613 Taylorsville Road, Louisville, KY 40299, approximately 35-40 hours a week at the El Nopal restaurant located at 10500 Watterson Trail, Louisville, KY 40299, and approximately 20 hours a week at the El Nopal restaurant located at 5000 Shelbyville Road, #1075, Louisville, KY 40207. Plaintiff Moll worked spot shifts at the El Nopal restaurants located at 3945 Taylorsville Road, Louisville, KY 40220.  Defendants Enrique Roman, El Nopal R & F,

and Marino employed Plaintiff Moll to work spot shifts at the El Nopal Mexican restaurants located at 3945 Taylorsville Road, Louisville, KY 40220 and 5000 Shelbyville Road, Suite 1075, Louisville, KY 40207.

72.   Defendant El Nopal – New Cut and Defendant Enrique Roman jointly employed Plaintiff Palma as a server and busboy at various times between approximately August 2010 and approximately September 2014 to work more than 40 hours a week.

73.   Defendant El Nopal R & F, Defendant Enrique Roman and Defendant Victor Fernandez jointly employed Plaintiff Palma as a server from approximately September 2014 to March 2016 for approximately 54 hours a week.

74.   Defendant El Nopal Bardstown and Defendant Enrique Roman jointly employed Plaintiff Palma as a server from approximately April 11, 2016 to approximately June 4, 2016 for approximately 51 hours a week.

75.   Defendant Enrique Roman, Defendant El Nopal R & F, and Defendant Victor Fernandez. jointly employed Plaintiff Dionisio as a busboy from approximately September 2014 to approximately September 2015 for approximately 62 hours a week.

76.   During all times material to this Complaint, Defendants Enrique Roman, Victor Fernandez, El Nopal – New Cut, El Nopal R & F, and El Nopal – Bardstown (collectively "the Palma Defendants") have jointly failed to pay Plaintiff Palma the minimum wage.  At various times during Palma's employment, the Palma Defendants paid Plaintiff Palma only $2.13/hour, at all other times Defendants failed to pay Plaintiff Palma any wage at all.

77.   During all times material to this Complaint, Defendants Enrique Roman, Victor Fernandez, El Nopal – Hurstbourne, El Nopal R & F, Salgados, Inc, Roman Salgado, El

Nopal – Crestwood and  Marino (collectively "Moll Defendants") did not pay Plaintiff Moll the minimum wage.  At various times during her employment, the Moll Defendants paid Plaintiff Moll only $2.13/hour, at all other times Defendants failed to pay Plaintiff Moll any wage at all.

78.   Defendants paid Plaintiff Dionisio only $1640/month for the approximately 267 hours of work Plaintiff Dionisio performed during each month.  Thus, when Plaintiff Dionisio's compensation is reduced to an hourly wage, it becomes clear that Defendant's did not pay Plaintiff Dionisio the minimum wage as required by the FLSA and KRS 337.

79.   Defendants jointly failed to Plaintiff Moll and Plaintiff Palma that they would be taking a tip credit from Moll and Palma.

80.   In addition, at all times relevant to this Complaint, the Moll Defendants jointly required Plaintiff Moll to pay $5 a day of the tips she received to busboys working at Defendants' restaurants.

81.   During all times of Plaintiff Palma's employment, the Palma Defendants required Plaintiff Palma to pay between $5 and $15 a day to the management of Palma Defendants' restaurants.

82.   Although Defendants claimed that the money paid to the management of Defendants' restaurants was a "tip-out" paid to the busboys of the restaurants, Plaintiff Palma was informed by various bus boys at the Taylorsville restaurant that they never received the alleged "tip-outs." When Plaintiff Palma confronted Defendant Victor Fernandez about this issue, Defendant Victor Fernandez informed him and the other servers working at the same location, that if they did not want to pay the $5 a day to management, they would have to instead pay the busboys $15 a day.

83.    In addition, the Palma Defendants and the Moll Defendants required Plaintiff Palma and Plaintiff Moll, respectively, to spend more than 20% of their total working time performing non-tipped duties, such as filling up ice machines; preparing desserts; swiping floors; cleaning tables, stocking beverages; filling up condiment bottles and trays; and restocking glasses.

84.    Defendants jointly failed to provide Plaintiffs with accurate paystubs or records of their employment.

85.    Defendants have jointly knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay minimum wage and/or overtime compensation with respect to Plaintiffs in this action.

## V. FIRST CAUSE OF ACTION: FAIR LABOR STANDARDS ACT ("FLSA") MINIMUM WAGE -PLAINTIFF MOLL

86.    All previous paragraphs are incorporated as though fully set forth herein.

87.    At various times approximately June 2013 and November 2015, Plaintiff Moll was an employee of the Moll Defendants within the meaning of 29 U.S.C. § 203(e)(1).

88.    At various times between approximately June 2013 and November 2015, the Moll Defendants were the employers of Plaintiff Moll within the meaning of 29 U.S.C. § 203(d).

89.    At various times between approximately June 2013 and approximately November 2015, the Moll Defendants jointly employed Plaintiff Moll within the meaning of 29 U.S.C. § 203(g).

90.   At various times between approximately June 2013 and approximately November 2015, Plaintiff Moll was jointly employed by the Moll Defendants in an enterprise engaged in interstate commerce or in the production of goods of commerce.

91.   At various times between approximately June 2013 and approximately November 2015, the Moll Defendants jointly violated the provisions of 29 U.S.C. § 203(m) and § 206 by employing Plaintiff Moll in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, and by jointly failing to comply with the "tip credit" provisions of § 203(m).  The Moll Defendants have acted willfully in failing to pay Plaintiff Moll in accordance with the law.

92.   During the time that Plaintiff Moll worked for the Moll Defendants, the Moll Defendants jointly failed to pay Plaintiff Moll the minimum wage for in violation of Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(a) & 207(a).

93.   During the time that Plaintiff Moll worked for the Moll Defendants, the Moll Defendants were not entitled to apply a tip credit to Plaintiff Moll's wages, because they 1) failed to inform her that they would be applying a tip credit; 2) maintained and operated an illegal tip pool and/or 3) did not permit her to retain all the tips she received.

94.   Because the Moll Defendants' joint failure to pay such wages was willful pursuant to 29 U.S.C. §255(a), Plaintiff Moll is entitled to these wages dating back three (3) years.

95.   The Moll Defendants' joint failure to pay Plaintiff Moll at the lawful minimum wage rates while Plaintiff Moll was an employee was not based on good faith or reasonable grounds, or a belief that such failure is not in violation of the FLSA.  Pursuant to 20 U.S.C. § 216(b), Plaintiff Moll is therefore entitled to liquidated damages in an amount equal to the wages which she has not been paid.

## VI. SECOND CAUSE OF ACTION: FAIR LABOR STANDARDS ACT ("FLSA") MINIMUM WAGE AND OVERTIME PAY-PLAINTIFF PALMA

96. All previous paragraphs are incorporated as though fully set forth herein.

97. During various time periods between approximately August 2010 and June 2016, Plaintiff Palma was an employee of the Palma Defendants within the meaning of 29 U.S.C. § 203(e)(1).

98. During various time periods between approximately August 2010 and June 2016, the Palma Defendants were the joint employers of Plaintiff Palma within the meaning of 29 U.S.C. § 203(d).

99. During various time periods between approximately August 2010 and June 2016, the Palma Defendants jointly employed Plaintiff Palma within the meaning of 29 U.S.C. § 203(g).

100. During various time periods between approximately August 2010 and June 2016, Plaintiff Palma was jointly employed by the Palma Defendants in an enterprise engaged in interstate commerce or in the production of goods of commerce.

101. During various time periods from approximately August 2010 and June 2016, the Palma Defendants jointly violated the provisions of 29 U.S.C. § 203(m) and § 206 by employing Plaintiff Palma in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, and by jointly failing to pay Plaintiff Palma the minimum and overtime wages as required by 29 U.S.C. §§ 201 *et seq*. The Palma Defendants have acted willfully in failing to pay Plaintiff Palma in accordance with the law.

102. During various time periods from approximately August 2010 and June 2016, the Palma Defendants jointly failed to pay Plaintiff Palma minimum wage for approximately 40

hours a week, and jointly failed to pay Plaintiff Palma overtime pay for approximately between 11 and approximately 14 hours of work a week in violation of Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(a) & 207(a).

103.   During the time that Plaintiff Palma worked for the Palma Defendants, the Palma Defendants were not entitled to apply a tip credit to Plaintiff Palma's wages, because they 1) failed to inform him that they would be applying a tip credit; 2) maintained and operated an illegal tip pool and 3) did not permit him to retain all the tips he received.

104.   Because the Palma Defendants' joint failure to pay such wages was willful pursuant to 29 U.S.C. §255(a), Plaintiff Palma is entitled to these wages dating back three (3) years.

105.   Because the Palma Defendants' joint failure to pay such wages was willful pursuant to 29 U.S.C. §255(a) Plaintiff Palma is entitled to these wages dating back three (3) years.

106.   The Palma Defendants' joint failure to pay Plaintiff Palma at the lawful overtime and minimum wage rates while Plaintiff Palma was an employee is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of the FLSA.  Pursuant to 20 U.S.C. § 216(b), Plaintiff Palma is therefore entitled to liquidated damages in an amount equal to the wages which he has not been paid.

### VII. THIRD CAUSE OF ACTION: FAIR LABOR STANDARDS ACT ("FLSA") MINIMUM WAGE AND OVERTIME PAY-PLAINTIFF DIONISIO

107.   All previous paragraphs are incorporated as though fully set forth herein.

108.   During the time period from approximately September 2014 to approximately September 2015, Plaintiff Dionisio was an employee of Defendant Enrique Roman, Defendant Victor Fernandez and Defendant El Nopal – R & F (collectively "the Dionisio Defendants") within the meaning of 29 U.S.C. § 203(e)(1).

109. During the time period from approximately September 2014 to approximately September 2015, the Dionisio Defendants were the joint employers of Plaintiff Dionisio within the meaning of 29 U.S.C. § 203(d).

110. During the time period from approximately September 2014 to approximately September 2015, the Dionisio Defendants jointly employed Plaintiff Dionisio within the meaning of 29 U.S.C. § 203(g).

111. During the time period from approximately September 2014 to approximately September 2015, Plaintiff Dionisio was jointly employed by the Dionisio Defendants in an enterprise engaged in interstate commerce or in the production of goods of commerce.

112. During all times material to this complaint, Plaintiff Dionisio was not exempt from receiving overtime benefits under the FLSA because, *inter alia*, he was not an "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

113. During the time period from approximately September 2014 to approximately September 2015, the Dionisio Defendants jointly violated the provisions of 29 U.S.C. § 203(m) and § 206 by employing Plaintiff Dionisio in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, and by jointly failing to pay Plaintiff Dionisio the minimum and overtime wages as required by 29 U.S.C. §§ 201 *et seq*. The Dionisio Defendants have acted willfully in failing to pay Plaintiff Dionisio in accordance with the law.

114. During the time period from approximately September 2014 to approximately September 2015, the Dionisio Defendants jointly failed to pay Plaintiff Dionisio minimum wage for approximately 40 hours a week, and jointly failed to pay Plaintiff Dionisio overtime pay

for approximately 22 hours of work a week in violation of Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(a) & 207(a).

115.   Because the Dionisio Defendants' joint failure to pay such wages was willful pursuant to 29 U.S.C. §255(a), Plaintiff Dionisio is entitled to these wages dating back three (3) years.

116.   Because the Dionisio Defendants' joint failure to pay such wages was willful pursuant to 29 U.S.C. §255(a) Plaintiff Dionisio is entitled to these wages dating back three (3) years.

117.   The Dionisio Defendants' joint failure to pay Plaintiff Dionisio at the lawful overtime and minimum wage rates while Plaintiff Dionisio was an employee is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of the FLSA. Pursuant to 20 U.S.C. § 216(b), Plaintiff Dionisio is therefore entitled to liquidated damages in an amount equal to the wages which he has not been paid.

### VIII. FOURTH CAUSE OF ACTION: DEFENDANT'S VIOLATIONS OF KRS 337 – PLAINTIFF MOLL

118.   All previous paragraphs are incorporated as though fully set forth herein.

119.   At various times between approximately June 2013 to approximately November 2015, Plaintiff Moll was an employee of the Moll Defendants within the meaning of K.R.S. 337.010 § (1)(e).

120.   At various times between approximately June 2013 to approximately November 2015, the Moll Defendants were Plaintiff Moll's employers within the meaning of K.R.S. 337.010 § (1)(d).

121.   The Moll Defendants jointly failed to pay Plaintiff Moll the minimum wage as required by K.R.S. 337.275 during her course of employment for the Moll Defendants.

122.     The Moll Defendants jointly violated KRS 337.065 by requiring Plaintiff Moll to remit a portion of her tips to her employers for distribution thereof.

123.     The Moll Defendants have jointly failed to make, keep, or preserve adequate records for Plaintiff Moll as required by K.R.S. 337.320.

124.     The Moll Defendants have jointly failed to pay Plaintiff Moll for her work within 18 days of its completion as required by K.R.S. 337.020, by not paying Plaintiff Moll the minimum wage at any time throughout her employment.

125.     The Moll Defendants have jointly violated K.R.S. 337.055 by failing to pay Plaintiff Moll within 14 days of the completion of her employment.

126.     As a result of the Moll Defendants' joint violations of Kentucky's Wage and Hour Laws, Plaintiff Moll is entitled to recover unpaid minimum wages dating five (5) years back, plus an additional equal amount in liquidated damages, reasonable attorneys' fees, and costs of this action, pursuant to K.R.S. 337.385.

## IX. FIFTH CAUSE OF ACTION: DEFENDANTS' VIOLATIONS OF KRS 337-PLAINTIFF PALMA

127.     All previous paragraphs are incorporated as though fully set forth herein.

128.     During various time periods between approximately August 2010 and June 2016, Plaintiff Palma was an employee of the Palma Defendants within the meaning of K.R.S. 337.010 § (1)(e).

129.     During various time periods between approximately August 2010 and June 2016, the Palma Defendants were Plaintiff Palma's employers within the meaning of K.R.S. 337.010 § (1)(d).

130. The Palma Defendants jointly failed to pay Plaintiff Palma the minimum wage as required by K.R.S. 337.275 during his course of employment for the Palma Defendants.

131. The Palma Defendants jointly violated KRS 337.065 by requiring Plaintiff Palma to remit a portion of his tips to his employers for distribution thereof.

132. The Palma Defendants have jointly violated K.R.S 337.320 by failing to make, keep, or preserve adequate records for Plaintiff Palma.

133. The Palma Defendants have jointly failed to pay Plaintiff Palma for his work within 18 days of its completion as required by K.R.S. 337.020, by not paying Plaintiff Palma the minimum wage at any time throughout his employment.

134. The Palma Defendants have jointly violated K.R.S. 337.055 by failing to pay Plaintiff Palma within 14 days of the completion of his employment.

135. As a result of the Palma Defendants' joint violations of Kentucky's Wage and Hour Laws, Plaintiff Palma is entitled to recover unpaid minimum wages dating five (5) years back, plus an additional equal amount in liquidated damages, reasonable attorneys' fees, and costs of this action, pursuant to K.R.S. 337.385.

## X. SIXTH CAUSE OF ACTION: DEFENDANTS' VIOLATIONS OF KRS 337- PLAINTIFF DIONISIO

136. All previous paragraphs are incorporated as though fully set forth herein.

137. During the time period from approximately September 2014 to approximately September 2015, Plaintiff Dionisio was an employee of the Dionisio Defendants within the meaning of K.R.S. 337.010 § (1)(e).

138.   During the time period from approximately September 2014 to approximately September 2015, the Dionisio Defendants were Plaintiff Dionisio's employers within the meaning of K.R.S. 337.010 § (1)(d).

139.   The Dionisio Defendants jointly failed to pay Plaintiff Dionisio the minimum wage as required by K.R.S. 337.275 during his course of employment for Defendants.

140.   The Dionisio Defendants have jointly violated K.R.S. 337.055 by failing to pay Plaintiff Dionisio within 14 days of the completion of his employment.

141.   The Dionisio Defendants have jointly violated K.R.S. 337.320 by failing to make, keep, or preserve adequate records for Plaintiff Dionisio.

142.   The Dionisio Defendants have jointly failed to pay Plaintiff Dionisio for his work within 18 days of its completion as required by K.R.S. 337.020, by not paying Plaintiff Dionisio the full minimum wage at various times throughout his employment.

143.   As a result of the Dionisio Defendants' joint violations of Kentucky's Wage and Hour Laws, Plaintiff Dionisio is entitled to recover unpaid minimum wages dating five (5) years back, plus an additional equal amount in liquidated damages, reasonable attorneys' fees, and costs of this action, pursuant to K.R.S. 337.385.

## XI. RELIEF SOUGHT

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

    a.   For an Order pursuant to 29 U.S.C. § 216(b)  of the FLSA finding Defendants jointly and severally liable for unpaid back wages due to Plaintiffs, including the amount of tips Plaintiffs Moll and Palma were required to give management, and

for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

b. For an Order pursuant to KRS 337.385 finding Defendants jointly and severally liable  and awarding Plaintiffs their unpaid minimum wages, plus an equal amount as liquidated damages, for Defendants' violation of KRS 337.275;

c. For an Order pursuant to KRS 337.990 assessing a civil penalty of up to $1,000 but not less than $100 for each of Defendants' failures to pay Plaintiffs minimum wages in violation of KRS 337.275;

d. For an Order pursuant to KRS 337.990 assessing a civil penalty of up to $1,000 but not less than $100 for each of Defendants'  failures to pay Plaintiffs for their work within 18 days of its completion in violation of KRS 337.020;

e. For an Order pursuant to KRS 337.990 assessing a civil penalty of up to $1,000 but not less than $100 for each of Defendants' failures to pay Plaintiffs for their work within 14 days of the completion of their employment in violation of KRS 337.055;

f. For an Order pursuant to KRS 337.990 assessing a civil penalty of up to $1,000 but not less than $100 for each of Defendants' failures to maintain employee records as required by KRS 337.320;

g. For an Order pursuant to KRS 337.990 assessing a civil penalty of up to $1,000 but not less than $100 for each of Defendants' violations of the restrictions on tip pooling imposed by KRS 337.065;

h.   For an Order pursuant to KRS 337.990(5) awarding Plaintiff Palma and Moll reimbursement for all remittances taken from Plaintiff Palma and Moll by Defendants;

i.   For an Order awarding Plaintiffs the costs of this action;

j.   For an Order awarding Plaintiffs their reasonable attorneys fees;

k.   For an Order awarding Plaintiffs pre-judgment and post-judgment interest at the highest rates allowed by law;

l.   For an Injunction prohibiting Defendants from engaging in future violations of the FLSA and Kentucky Wage and Hour laws;

m.   For trial by jury; and

n.   For an Order granting such other and further relief as may be necessary and appropriate.


July 14, 2016                                    Respectfully submitted,


                                                 */s/Trent R. Taylor*
                                                 Trent R. Taylor (KY Bar No. 94828)
                                                 Robert E. DeRose (*pro hac vice pending*)
                                                 **BARKAN MEIZLISH HANDELMAN**
                                                 **GOODIN DEROSE WENTZ, LLP**
                                                 250 East Broad Street, 10th Floor
                                                 Columbus, Ohio 43215
                                                 Telephone:  (614) 221-4221
                                                 Facsimile:  (614) 744-2300
                                                 Email: ttaylor@barkanmeizlish.com

                                                 */s/ McKenzie Cantrell*
                                                 McKenzie Cantrell
                                                 Anne Marie Regan
                                                 **KENTUCKY EQUAL JUSTICE CENTER**
                                                 222 South 1st Street, Suite 305
                                                 Louisville, KY  40202
                                                 Telephone: (502) 333-6019

27

Facsimile:   (502) 416-0022
Email:  mckenzie@kyequaljustice.org
           amregan@kyequaljustice.org


*Attorneys for the Plaintiff*