UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


MARLIN PALMA &
PABLO REBOLLAR                                                    PLAINTIFFS


v.                                      CIVIL ACTION NO. 3:16-cv-00457-CRS-DW


ENRIQUE ROMAN, VICTOR
FERNANDEZ, EL NOPAL R & F, INC.,
ROMAN BARDSTOWN ROAD, INC.,
EL NOPAL MEXICAN FAMILY
RESTAURANT, INC.
and EL NOPAL – LA GRANGE, INC.                                   DEFENDANTS

Memorandum Opinion

I.      Introduction

        This matter is before the Court on the motion of Plaintiffs Marlin Palma and Pablo

Rebollar (collectively, "Plaintiffs") for leave to file their fourth amended complaint under

Federal Rule of Civil Procedure 15(a) and (c), ECF No. 40. Defendants Enrique Roman, Victor

Fernandez, El Nopal R & F, Inc., Roman Bardstown Road, Inc., El Nopal Mexican Family

Restaurant, Inc., and El Nopal – LaGrange, Inc. (collectively, "Defendants") responded, ECF

No. 42. Plaintiffs replied, ECF No. 43. For the reasons explained below, the Court will grant

Plaintiffs' motion for leave to file their fourth amended complaint.

II.     Background

        A.      Allegations in the Third Amended Complaint

        Plaintiffs are former employees who allege that Defendants failed to pay them minimum

and overtime wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 206(a)

and 207(a). Third Am. Compl. ¶ 1, ECF No. 27. Plaintiffs also claim that Defendants violated 29

U.S.C. § 203(m) of the FLSA, which permits employers, under certain conditions, to pay less than minimum wage to employees who receive tips. *Id.* Plaintiffs also assert that Defendants violated Kentucky Revised Statute § 337.275 by failing to pay them required minimum wages. *Id.* ¶ 2. Plaintiffs further contend that Defendants failed to pay them wages owed on the termination of their employment, illegally required their employees to remit portions of their tips to management, failed to maintain accurate employment records, and failed to timely pay their employees, which are required by Kentucky Revised Statutes §§ 337.055, 337.065, 337.320, 337.020, and 337.990(1), (5), and (7). *Id.*

  B. <u>Procedural History</u>

  On July 14, 2016, Plaintiffs Rachel Moll, Marlin Palma, and Hector Dionisio filed the original complaint against Enrique Roman, Victor Fernandez, El Nopal R & F, Inc., Roman Crestwood, Inc., El Nopal Mexican Family Restaurant, Inc., Roman Salgado, LLC, Marino, LLC, and Roman F. Hurstbourne, Inc. Compl. 1, ECF No. 1. On July 26, 2016, Plaintiffs amended their complaint as a matter of right, adding another plaintiff, Pablo Rebollar, and another defendant, El Nopal – La Grange, Inc. Am. Compl. 1, ECF No. 11.

  On August 2, 2016, Plaintiffs filed a second amended complaint that dismissed Rachel Moll's claims and named only six defendants. Second Am. Compl. 1, ECF No. 14. By agreed order, Rachel Moll and Defendants Roman Crestwood, Inc., Roman Salgado, Inc., Marino, LLC, and Roman F. Hurstbourne, Inc. were terminated from the litigation. Agreed Order 8/10/2016 1, ECF No. 22. About a month later, Plaintiffs sought leave to file a third amended complaint that added retaliation claims. Mot. Leave 1, ECF No. 23. This Court granted Plaintiffs' motion for leave to file a third amended complaint. Order 10/23/2016 1, ECF No. 26.

On November 14, 2016, the parties participated in the Federal Rule of Civil Procedure 26(f) conference. Report 1, ECF No. 30. At the conference, the parties agreed that joinder of additional parties and amendment of pleadings would be due by April 3, 2017. *Id*. at 2. The report of the Rule 26(f) conference was filed on December 2, 2016, and discovery commenced. *Id*. at 1.

On February 28, 2017, Plaintiff Hector Dionisio was dismissed from the case without prejudice. Order 2/27/2017 1, ECF No. 36. As a result, there are two plaintiffs in the case, Marlin Palma and Pablo Rebollar. There are six defendants: Enrique Roman, Victor Fernandez, El Nopal R & F, Inc. Roman Bardstown Road, Inc., El Nopal Mexican Family Restaurant, Inc., and El Nopal – LaGrange, Inc.

III.   Discussion

Plaintiffs now seek to file a fourth amended complaint to remove Defendants Roman Bardstown Road, Inc. and El Nopal – La Grange, Inc. from the case and to substitute Roman, Inc. and Romans No. 3, Inc. Mot. Amend 3, ECF No. 40. Plaintiffs assert that Roman, Inc. and Romans No. 3, Inc. are the true corporate entities who owned and operated the El Nopal restaurants at 6300 Bardstown Road, Louisville, KY 40291 and 12418 LaGrange Road, Suite 120, Louisville, KY 40245 at which they allegedly worked. *Id*. Plaintiffs argue that the Court should grant their motion for leave to file a fourth amended complaint because they have not exhibited undue delay in moving to amend and because Defendants will not suffer undue prejudice if the proposed amendment is granted. *Id*. at 6–11. Defendants contend in opposition that Plaintiffs have not demonstrated good cause for amending the complaint and that such amendment will significantly prejudice them by complicating the current litigation and by slowing discovery. Resp. Opp. Mot. Amend 3–5, ECF No. 42.

The Federal Rules of Civil Procedure permit a party to "amend its pleading once as a matter of course" if the amendment is filed "before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1). In "all other cases[,]" the party must receive the "opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave [to amend] when justice so requires." *Id.*

The "window of opportunity" for amending a complaint does not stay open forever. *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). Federal Rule of Civil Procedure 16 requires that the parties enter into a scheduling order that limits the time to amend the pleadings. Fed. R. Civ. P. 16(b)(3)(A). Rule 16 is designed to ensure that "at some point both the parties and the pleadings will be fixed." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (internal citations omitted).

After the Rule 16 deadline has passed, litigants must "meet the higher threshold for modifying a scheduling order found in Rule 16(b)." *Shane*, 275 F. App'x at 536. Rule 16 provides that a modification to the scheduling order is available "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This requires the litigants to establish that "despite their diligence they could not meet the original deadline." *Leary*, 349 F.3d at 907. Another factor the court may consider is "possible prejudice to the party opposing the modification." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

In this case, Plaintiffs demonstrate good cause for amending the complaint after the Rule 26(f) deadline. Plaintiffs sent Defendants a set of interrogatories on January 5, 2017. Phillips Email 6/5/2017 2, ECF No. 43-3. The parties appear to agree that on February 21, 2017, Defendants El Nopal – La Grange, Inc. and Roman Bardstown Road, Inc. responded to written discovery requests and asserted that the plaintiffs had not worked at their respective locations.

On April 12, 2017, or the following day, the parties say they participated in a teleconference. On April 17, 2017, the magistrate judge held a status conference. Report 1, ECF No. 38. Two days later, Plaintiffs' counsel requested the names of the appropriate corporate entities that own the El Nopal restaurants at 6300 Bardstown Road, Louisville, KY 40291 and 12418 LaGrange Road, Suite 120, Louisville, KY 40299. Taylor Email 4/19/2017 2, ECF No. 42-1. On April 24, 2017, defense counsel responded with the requested information. Prizant Email 4/24/2017 2, ECF No. 40-4. Because they received this information on April 24, 2017, Plaintiffs could not have met the original Rule 26(f) deadline of April 3, 2017 for filing amended pleadings.

Additionally, Defendants will not be prejudiced by the filing of the fourth amended complaint. Plaintiffs merely seek to name the appropriate corporate parties; they have not sought to change the claims or defenses at issue. Defendants have not explained how or why the addition of the true corporate entities will slow or expand their discovery obligations. Because Plaintiffs demonstrate good cause for amending the complaint, the Court will grant them leave to file a fourth amended complaint.

Plaintiffs also request that the amendments naming the true corporate entities relate back to the date of the original pleading. Mot. Amend 11–13, ECF No. 40. Defendants do not address the issue of whether the amendments should relate back to the date of the original pleading. *See* Resp. Opp. Mot. Amend 1–5, ECF No. 42. Federal Rule of Civil Procedure 15(c)(1)(C) provides that an amendment that changes the name of the party against whom the case is brought relates back to the date of the original complaint when the party to be brought in by the amendment was notified of the action such that "it will not be prejudiced in defending on the merits" and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Rule 15(c)(1)(C)(ii) "asks what the prospective

*defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010) (emphasis in original).

Here, the tendered fourth amended complaint substitutes Roman, Inc. for Roman Bardstown Road, Inc. It also substitutes Romans No. 3, Inc. for El Nopal – LaGrange, Inc. Fourth Am. Compl. 1, ECF No. 40-1. Both Roman, Inc. and Romans No. 3, Inc. received notice of the action at the time of the original complaint's filing because their President and incorporator, Enrique Roman, was named as a defendant in the original complaint. See Ex. G 1, ECF No. 40-7; Ex. H 1, ECF No. 40-8. Additionally, Enrique Roman serves as an agent of Romans No. 3, Inc. Ex. H 1, ECF No. 40-8.

Roman, Inc. and Romans No. 3, Inc. should have known that the action would have been brought against them but for Plaintiffs' mistake concerning the proper parties' identities. The complaint identifies the defendants as restaurants at which Plaintiffs worked and includes their names and addresses. *See* Compl. 2–3, ECF No. 1.

Given that Plaintiffs have met the requirements of Rule 15(c), the claims will relate back to the date of the original complaint's filing.

IV.    <u>Conclusion</u>

For the reasons explained below, the Court will grant Plaintiffs' motion for leave to file their fourth amended complaint. The fourth amended complaint will relate back to the date of the filing of the original complaint. An order will be entered in accordance with this memorandum opinion.

August 8, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**