UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16CV-00457-CRS

**MARLIN PALMA, et al.**                                                                 PLAINTIFFS

VS.

**ENRIQUE ROMAN, et al.**                                                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Marlin Palma and Pablo Rebollar's Motion for Protective Order seeking to prevent the Defendants from inquiring as to their tax ID numbers and names and addresses of their family members. (DN 45). Defendants Enrique Roman, Victor Fernandez, El Nopal R&F, Roman Bardstown Road, Inc., and El Nopal LaGrange, Inc. ("Defendants") have responded in opposition (DN 54), and Plaintiffs have filed a reply. (DN 61). For the following reasons, Plaintiffs' motion is **GRANTED**.

### Background

Plaintiffs previously worked as servers at Defendants' Mexican restaurants. The original Plaintiffs, Rachel Moll, Marlin Palma, and Hector Dionisio, initiated this action in July of 2016, alleging that Defendants failed to pay them minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.§§ 206(a) and 207(a).[1] (DN 48, at ¶ 1). Specifically, Plaintiffs assert that Defendants incorrectly applied a tip credit toward the Plaintiffs' wages by

---

[1] For purposes of this motion it is important to designate that Rachel Moll is the wife of Marlin Palma.

failing to pay them the required $2.13 "cash" wage. (DN 1, at ¶ 76-77; DN 48 at ¶ 58-59).

In their first amended complaint, Plaintiffs added Pablo Rebollar as a Plaintiff and asserted claims under 29 U.S.C. § 203(m) of the FLSA and claims under KRS § 337.275 for failing to pay the required minimum wages. (DN 11). On August 2, 2016, Plaintiffs filed a second amended complaint, in which Rachel Moll withdrew her claims against Defendants, without prejudice. (DN 14). Shortly thereafter, Plaintiffs filed a third amended complaint alleging that Defendants unlawfully retaliated against Plaintiff Rebollar by confiscating his tips and by informing other Mexican restaurants in the area of the lawsuit with the intent of blacklisting him from future employment. (DN 27, at ¶¶ 73-75).

Discovery in this case has been contentious thus far. Following Plaintiff Palma's deposition on July 25, 2017, the Plaintiffs filed the instant motion for protective order. (DN 45). During Palma's deposition, Defendants sought to obtain Palma's tax ID number (social security number), information about Palma's wife, including her place of work and whether she had children, and the identities and residences of any of Palma's family members. (*Id.* at p. 4). The Court held a telephonic conference to address Plaintiffs' motion, but the parties were unable to reach an agreement. (DN 50). The matter is now fully briefed.

Analysis
A. Standard

Parties may generally seek discovery of any "relevant, non-privileged information." *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016) (citing Fed. R. Civ. P. 26(b)(1)). District courts, however, have discretion to limit the scope of discovery when the

2

information sought is overly broad or unduly burdensome or when the discovery is not proportional to the needs of the case. Fed.R.Civ.P. 26(b)(2).

Federal Rule of Civil Procedure 26(c) permits a party from whom discovery is sought to "move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed.R.Civ.P. 26(c). District courts may, "for good cause," issue such orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." *Id.* The moving party bears the burden of demonstrating the alleged harm identified from Rule 26(c)(1) "with a particular demonstration of fact, as distinguished from stereotyped and conclusory statements." *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (quoting *Nemir v. Mitsubishi Motors Corp.,* 381 F.3d 540, 550 (6th Cir. 2004) (additional citation omitted)).

### B. Plaintiffs' Motion for Protective Order

Plaintiff seeks protection for two distinct types of information: (1) Plaintiffs' social security numbers/tax identification numbers; and (2) the identity and contact information of Plaintiffs' relatives and their employers. Generally, Plaintiffs believe the requested information is not relevant to any claims or defenses raised in the litigation and, most importantly, believe Defendants' actions are an attempt to intimidate and harass them. (DN 45, at pp. 4-5). According to Plaintiffs, Defendants' inquiries are a means to further retaliate against the Plaintiffs and their family members by securing information about their immigration status. (*Id.*). Defendants deny that their challenged line of questioning is for immigration purposes and submit that their questioning is an appropriate attempt to gather relevant evidence to support their defenses and investigate Plaintiffs' claims. (DN 54).

1. Plaintiffs' Social Security Numbers

Plaintiffs first take issue with Defendants questioning Palma about his tax identification information, namely his social security number. (DN 45-2, Palma Deposition at p. 29 (Question: "You told me your Social Security number at the beginning of this deposition. Have you used any other social security numbers?")). Because the tax identification information is closely linked to immigration status, Plaintiffs argue disclosure of this information would be a "very real and prejudicial consequence" and would also create a "chilling effect for any other prospective FLSA plaintiff." (DN 45, at p. 12). Plaintiffs cite to a number of cases where courts have refused to permit disclosure of tax identification information because disclosure could place a plaintiff's immigration status at risk. (*Id.* at p. 11 (citing DN 45-5, Ex. E, *Itzep, et al. v. Funderburgh*, No. SA:06-CV-568 (W.D. Tx. Mar. 13, 2007); *Garcia-Andrade v. Madra's Café Corp.*, No. 04-71024, 2005 Wl 2430195 (E.D. Mich. Aug. 3, 2005); *Flores v. Amigon*, 233 F. Supp. 2d 462, 464 (S.D.N.Y. 2002)).

In opposition, Defendants assert that the Plaintiffs placed their federal tax returns and W-2s at issue by alleging that they were paid only tips, not the $2.13 hourly wage. (DN 54, at p. 7). Defendants explain that the tax identification questions were asked during Palma's deposition because Plaintiffs earlier agreed to provide tax returns in response to written discovery but failed to do so. (*Id.* at p. 8). Since Plaintiffs accusations of retaliation are not supported by evidence and the information at stake is highly relevant to their defenses, Defendants urge the Court to deny protection.

Plaintiffs make two arguments in reply. First, Plaintiffs explain that relevancy of the tax identification information does not alone warrant disclosure because even if the information is

relevant, the potential prejudice far outweighs its probative value. (DN 61, at p. 3). Second, Plaintiffs clarify that they have already provided Defendants with redacted copies of their W-2s from the relevant time period and have submitted a Form 4506-Request for Copy of Tax Return document to authorize the IRS to disclose Plaintiffs' tax returns. (*Id.* at pp. 8-10). Once the tax returns are received, Plaintiffs intend to redact them for any privileged or sensitive information and then forward them to Defendants. (*Id.* at p. 10).

Here, the Court finds Plaintiffs have established good cause to warrant protection of their social security numbers (tax identification information). While Defendants are correct that tax returns are not categorically privileged from disclosure in the Sixth Circuit, *see Polylok, Inc. v. Bear Onsite, LLC*, No. 3:12-CV-00535-DJH-CHL, 2017 WL 1102698, at *4 (W.D. Ky. Mar. 23, 2017) (citing *DeMarco v. C & L masonry, Inc.*, 891 F.2d 1236 (6th Cir. 1989)), Plaintiffs state they are willing to produce redacted copies of their tax returns and have already produced redacted copies of their W-2 forms. It appears that Plaintiffs do not dispute the relevancy of their tax returns and W-2s to the claims and defenses in the case. Plaintiffs' concern, instead, is with Defendants' repeated attempts to inquire as to their social security numbers.

Numerous district courts have found that "all employees, regardless of their immigration status, are protected by the provisions of the FSLA." *Uto v. Job Site Servs. Inc.*, 269 F.R.D. 209, 211 (E.D.N.Y. 2010) (quoting *Flores v. Amigon*, 233 F. Supp. 2d 462, 463 (E.D.N.Y. 2002) (collecting cases)); *see also Reyes v. Snowcap Creamery, Inc.*, 898 F. Supp. 2d 1233 (2012) (citing *Montoya v. S.C.C.P. Painting Contractors, Inc.*, 530 F. Supp. 2d 746 (D. Md. 2008)). Permitting inquiry into information that may influence immigration status, such as social security numbers, presents a danger of intimidation that can inhibit plaintiffs in pursuing their rights. *Uto*, 269 F.R.D.

at 211 (citing *Topo v. Dhir*, 210 F.R.D. 76, 78 (S.D.N.Y. 2002)); *see also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1064 (9th Cir. 2004) (affirming protective order "bar[ring] discovery into each plaintiffs immigration status[, as allowing such discovery] would chill the plaintiffs willingness and ability to bring civil rights claims"); *See E.E.O.C. v. Signal Intern., LLC,* No. 12-557, 2013 WL 4854136, at *6 (E.D. La. Sept 10, 2013) ("Courts have recognized the in terrorem effect of inquiring into a party's immigration status and authorization to work in this country when irrelevant to any material claim because it presents a 'danger of intimidation [that] would inhibit plaintiffs in pursuing their rights.").

Courts have also frequently noted that disclosure of a plaintiff-worker's social security number in an FSLA action is not relevant to the material claims and is undiscoverable. *See Flores,* 233 F. Supp. 2d at 462, 464 (plaintiff's social security number and other immigration information was not relevant to defendant's defense); *see also Villareal v. El Chile Inc.*, 266 F.R.D. 207, 212-14 (N.D. Ill. 2010) ("[d]iscovery regarding plaintiffs' immigration status is not relevant to any claim or defense."). *David v. Signal Intern., LLC*, 257 F.R.D. 114, 122 (E.D. La. 2009) ("plaintiffs' current immigration status is a collateral issue"). And even where information concerning a plaintiff's immigration status may arguably be relevant, courts generally find the potential for prejudice "far outweighs whatever minimal probative value such information would have." *Amigon*, 233 F. Supp. 2d at 464-65 (citing *Liu v. Donna Karan Int'l Inc.*, 207 F. supp. 2d 191, 193 (S.D.N.Y. 2002)).

Based on these considerations, the Court finds that disclosure of Plaintiffs' social security numbers would cause Plaintiffs unreasonable embarrassment and oppression.[2] Plaintiffs,

---

2 Allowing discovery concerning Plaintiffs' immigration status or social security numbers "would cause them embarrassment and if their status is found to be illegal would subject them to criminal charges and, possibly,

therefore, have established good cause for a protective order barring discovery concerning their social security numbers.[3]

## 2. Identity and Contact Information of Plaintiffs' Relatives

Plaintiffs also oppose Defendants' inquiries concerning the identities and contact information of Plaintiffs' relatives. (DN 45-2, at pp. 19-20, 23-24 (Question: "please list for the record who your relatives and family members are in Kentucky[,]" "How many uncles do you have in Kentucky[,]" and "what are your uncles' names?" and Question: "Does your wife live in Kentucky[,]" "Will you tell me your wife's name[,]" "Does she live with you[,]" and "Is she employed?")). Again, Plaintiffs assert that such disclosures would cause a chilling effect on similarly situated employees and their family members in exercising their FLSA rights. (DN 45, at pp. 13-15).

In justifying this line of questioning, Defendants assert they are entitled to the addresses and phone numbers of the witnesses Plaintiffs identified pursuant to Rule 26. (DN 54, at p. 10). Defendants explain they sought information about Rachel Moll, Plaintiff Palma's wife, because she was a former Plaintiff in the action and where she works and what she knows about the allegations in the Complaint "are directly relevant to Defendants' defenses and, at the very least, could lead to admissible evidence." (*Id.* at p. 10). Similarly, Defendants claim they are entitled to

---

deportation." *Uto*, 269 F.R.D. at 212 (quoting *EEOC v. First Wireless Group, Inc.*, 225 F.R.D. 404, 406 (E.D.N.Y. 2004)).

3 *See Bailon v. Seok AM NO. 1 Corp.*, No. C09-05483JRC, 2009 WL 4884340, at * 5(W.D. Wash. Dec. 9, 2009) (granting protective order preventing inquiry into social security numbers, tax identification numbers, and information about national origin); *Baca v. Brother's Fried Chicken*, No. 09-3134-MLCF-SS, 2009 WL 1349783, at *1-3 (E.D. La. May 13, 2009) (granting protective order limiting inquiries with *in terrorem* effect including social security numbers and addresses); *see also* DN-45, at p. 42 ("Questions relating to why a plaintiff may have used an incorrect Social Security number. No questions are going to be allowed on that.")).

the full name of a co-worker of Plaintiff Rebollar and to information about Mr. Rebollar's brother who is believed to be currently working at one of the restaurant defendants in the action. (*Id.* at pp. 11-12).

In their reply, Plaintiffs emphasize that they have provided contact information for potential witnesses in the case and only object to disclosure of the names and contact information of their family members and their employers based on the potential danger that such disclosures could cause. (DN 61, at pp. 13-14). Plaintiffs explain that the information about Plaintiff Palma's wife has already been supplied to Defendants early on in the litigation and that they agreed to produce information about "David" – Plaintiff Rebollar's co-worker. (*Id.* at pp. 15-16). As for Plaintiff Rebollar's brother, however, Plaintiffs explain that the Defendant that allegedly employs him is in an adequate position to obtain the requested contact information from its employee. (*Id.* at p. 16).

Like the Plaintiffs' social security numbers, the Court finds that protection of the identity and contact information of Plaintiffs' family members and their employers is warranted. This information is not relevant to either Plaintiffs' claims or Defendants' defenses, *see* DN 45-5, at p. 42 ("Questions about relatives the plaintiff has in the local vicinity, no questions on that."), and could have the same chilling effect of inhibiting Plaintiffs from pursuing their rights for fear of retaliation against them or their families. *See Samuel v. Signal Int'nl L.L.C.*, No. 1:13-CV-323, 2014 WL 12597395, at * 8 (E.D. Tx. Oct. 15, 2014) ("discovery aimed at sensitive information of people who are not parties to this case may very well have an *in terrorem* effect on the Plaintiffs and deter them from prosecuting this suit."); *see also Rivera*, 364 F.2d at 1065 (employee plaintiffs may fear that their status would reveal the immigration problems of their family or friends).

Accordingly, it is not necessary for Defendants to seek out these individuals as witnesses even if Plaintiffs did identify them in their Rule 26 disclosures.[4] Going forward, Defendants are prohibited from inquiring as to identity, contact, and employment information from Plaintiffs' relatives.

As for the specific individuals discussed in the response, Defendants clearly already have the contact information of Plaintiff Palma's wife, Rachel Moll, as she was originally a plaintiff in this action. (*See* DN 54-1, at p. 8). Information about her current employer is not relevant to the defenses in this action.[5] As for Plaintiff Rebollar's brother, the Court agrees with Plaintiffs that if he allegedly works for one of the Defendant restaurants, the Defendant should be able to access his contact information without Plaintiffs producing it in discovery. Finally, as to "David," Plaintiff Rebollar's co-worker, Plaintiffs have agreed to produce the requested information to Defendants, and it appears no dispute remains.

### 3. Confidentiality Agreement

Defendants assert that if the Court is inclined to restrict the production of Plaintiffs "tax documentation and identity of fact witnesses" based on concerns of retaliation, Defendants alternatively would agree to receive such information pursuant to a Confidentiality Agreement that

---

4 Nor is Defendants' claim during Palma's deposition that identity and contact information of Plaintiffs' relatives is necessary for jury pool purposes persuasive. (*See* DN 45-2, at p. 17 (Defendants' attorney stating that "I get to ask about his background in order to learn about potential people on the jury for *voir dire* purposes.")). The process of *voir dire* will afford Defendants a full and fair opportunity to exclude any interested individuals from the jury pool.

5 Plaintiffs cite to *Centeno-Bernuy v. Becker Farms*, 219 F.R.D. 59 (W.D.N.Y. 2003) to argue that contact and employment information about their relatives should not be disclosed. In *Centeno-Bernuy*, the court granted a protective order which prohibited the defendant from requesting information about the plaintiffs' subsequent employers and residences. 219 F.R.D. at 261-61. The court reasoned that even if the information could lead to evidence relevant to the defense, any relevance "is clearly outweighed by the potential that this information may be used to harass, oppress, or intimidate the plaintiffs." *Id.* While the factual circumstances of *Centeno-Bernuy* differ greatly from the present case, the same reasoning applies to prohibiting the disclosure of employment information for Rachel Moll, a former plaintiff and the wife of a current plaintiff in this case. Even if information about Moll's present employment could lead to evidence relevant to the defense in this action, the potential that such information would be used to harass, oppress, or intimidate the Plaintiffs or their families outweighs the minimal relevance.

restricts the use of such information to the defense of this litigation. (DN 54, at pp. 14-15). But the Court is not convinced that, in this particular case, a Confidentiality Agreement would abate the *in terrorem* effect of the inquiries into Plaintiffs' current status and the status of their relatives. *See David*, 257 F.R.D. at 126 (permitting disclosure of sensitive information would not only pose a threat to plaintiffs but to others with whom the plaintiffs may reside or friends or relatives who reside in close proximity to the plaintiffs). Even under the umbrella of a Confidentiality Agreement, the danger of intimidation could likely inhibit Plaintiffs from pursuing their rights in this case.

## Conclusion

Plaintiffs have established good cause for protecting the information linked to their immigration status and the immigration status of their families. Although Defendants do not explicitly state they seek the requested information for immigration purposes, the Court finds the inherent danger in disclosure of the disputed information outweighs any potential relevancy of the information in this litigation. Plaintiffs are, therefore, entitled to protection from inquiry by Defendants into their social security numbers and the identity and contact information of their relatives.

## ORDER

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Protective Order (DN 45) is **GRANTED**, and Defendants are prohibited from seeking discovery as to Plaintiffs' social security numbers and the identity and contact information of Plaintiffs' relatives.

Copies:     Counsel of Record